**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JASON L. BLISS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-4808 |
| | : | |
| LEHIGH COUNTY PAROLE, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

HODGE, J.                                                              **OCTOBER 29, 2025**

Plaintiff Jason Bliss ("Bliss"), an inmate incarcerated at the Lehigh County Jail ("LCJ"), initiated this civil rights action by filing a pro se Complaint against Lehigh County Parole ("LCP"), Lehigh County Adult Probation Chief Kristin Berk ("Berk"), Chief Parole Agent Mark Allen Zimmerman ("Zimmerman"), Maria Rodrequez ("Rodrequez"), LCP Intake Supervisor Kathy Abrisko ("Abrisko"), and LCP Officers Jason Bale ("Bale") and Damien Loughback ("Loughback"). For the following reasons, the Court grants Bliss leave to proceed *in forma pauperis*, and dismisses the Complaint.

## I.    FACTUAL ALLEGATIONS[1]

Bliss's allegations are sparse. First, he claims that on or about October 15, 2021, Loughback kept him for three months "on fake probation with Jason Bale after charges were dismissed." (Compl. at 4.) He appears to allege that the underlying charges were for defiant trespassing on his own property. (*Id*.) Bliss next claims that on or about September 21, 2024, he was kept on parole by Berk, Rodrequez, and Marsha Evans, who is not named as a defendant, for

---

[1] Bliss used the form civil rights complaint available to unrepresented litigants to file his Complaint ("Compl."). (ECF No. 2.) The factual allegations set forth in this Memorandum are taken from this complaint.

1

a "fake violation" for trespassing after the charges were dropped at his preliminary hearing. (*Id.*) As a result of these events, Bliss seeks to "press" charges for bribery, harassment, perjury, and "mental and social anguish." (*Id.*)

## II. STANDARD OF REVIEW

The Court grants Bliss leave to proceed *in forma pauperis*.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *see also Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the pro se complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Bliss is proceeding pro se, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

---

[2] Because Bliss is a prisoner, he must still pay the $350 filing fee for this case in installments, as required by the Prison Litigation Reform Act.

Bliss alleges claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'") (quoting *Rode*, 845 F.2d at 1207).

Bliss appears to assert that his civil rights were violated when he was wrongfully kept on probation in 2021 by Loughback and Bale and then kept on parole in 2024 by Berk and Rodrequez for false underlying violations.  (*See* Compl. at 4.)  He does not allege any facts related to Zimmerman or Abrisko.  For relief on his claims, Bliss seeks to "press charges," which the Court construes as asking for criminal charges to be filed against Defendants.  This is not relief that the Court can grant to Bliss because a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file

criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties"). Because the Court has no authority to order the only relief Bliss seeks, his Complaint is dismissed.

## IV.    CONCLUSION

For the foregoing reasons, the Court grants Bliss leave to proceed *in forma pauperis*, and dismisses his Complaint without prejudice. The Court grants Bliss an opportunity to file an amended complaint and provide more factual details about the "who, what, where, when and why" of his claims.[3] *Davis v. IRS*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (citation omitted).

An appropriate Order follows, which provides further information about proceeding in this case.

BY THE COURT:

/s/ Kelley B. Hodge

**KELLEY BRISBON HODGE, J.**

---

[3] If Bliss chooses to file an amended complaint, he is reminded of his obligations under Federal Rule of Civil Procedure 8. To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011); *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Additionally, Bliss is reminded that he must allege how each defendant was involved in the events and occurrences giving rise to his constitutional claims. *See Rode*, 845 F.2d at 1207.